UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                    Chapter 13

Tracy C. McPike,                                                              Case No. 05-30518-svk

                Debtor.

MEMORANDUM DECISION ON TRUSTEE'S OBJECTION
TO CONFIRMATION OF MODIFIED PLAN

      The issue in this pre-BAPCPA Chapter 13 case is whether the debtor can modify her chapter 13 plan to in effect remove tax refunds promised to the unsecured creditors in the original plan. Since the debtor's modification deals with prospective tax refunds and is proposed in good faith promptly after the debtor's unemployment caused a reduction in income, the modification of her plan is permissible.

Facts

      Tracy McPike (the "Debtor") filed her petition on June 22, 2005, and accordingly this case is *not* governed by the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). The original plan effective November 11, 2005, provided total plan payments of $11,934 (approximately a 10% dividend to unsecured creditors) and additionally required the Debtor to "[t]imely file all federal and state tax returns which the debtor(s) are otherwise required to file by law and send copies of said returns to the trustee each year the plan is in effect and pay one-half (1/2) of the net refunds received by the debtor(s) into the plan each year the plan is in effect as an additional dividend to creditors with allowed unsecured claims." The amended Chapter 13 plan submitted on June 8, 2007, proposes that total plan payments will be $13,834 (which includes one-half of the 2005 and 2006 tax refunds) but "[c]ommencing with the 2007 tax year and each year thereafter, the debtor will be required to

contribute one half of any income tax refunds received to shorten the overall length of the plan. The plan shall be no shorter than 36 months unless the debtor pays off 100% of the unsecured creditors. If the tax refunds shorten the plan to 36 months, any extra sums will go as additional dividends to claimants. The other half of the tax refunds will be retained by the debtor to help supplement the debtor's expenses and assist with changes in the cost of living during the course of the plan."

Essentially, the modified plan provides that Debtor will continue to contribute one-half of the tax refunds, but these refunds will be credited to the amount due to unsecured creditors, rather than paid in addition to the amount due to those creditors. Presumably, the Debtor is proposing this modification because she lost her job as reflected in the amended schedules filed on June 8, 2007, the same day as the modified plan. The amended Schedule I shows that her income is unemployment compensation and $200 per month assistance from her mother. The Trustee objected to confirmation of the amended plan on the grounds that it fails to provide all of the projected disposable income as required by 1325(b)(1)(B).[1]

Analysis

As long as the debtor has not completed all payments under the plan, the debtor, trustee or an unsecured creditor can seek to modify the plan. *See In re Witkowski*, 16 F.3d 739, 746 (7th Cir. 1994). Plan modification is governed by 11 U.S.C. §1329. That section sets forth the following three situations when plan modification is appropriate: to increase or reduce the amount of payments, to increase or decrease the time of payments, or to alter the amount of payment to a creditor under the plan to account for a payment made outside of the plan. *See* 11

---

[1] Pre-BAPCPA §1325(b)(1)(B) states "If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan – the plan provides that all of the debtor's projected disposable income to be received in the three year period beginning on the date the first payment is due under the plan will be applied to make payments under the plan."

U.S.C. § 1329(a). The decision whether to grant plan modification is within the discretion of the bankruptcy court. *In re Witkowski*, 16 F.3d at 748.

The Trustee's objection is based on the debtor's failure to pay all disposable income into the plan. However, the disposable income requirement is found in § 1325(b), while § 1329(b)(1) provides that modification is only subject to § 1325(a). In other words, the disposable income test is not specifically included in the confirmation provisions that a modified plan must satisfy. Although there is some disagreement among the courts on whether the disposable income test applies to a plan modification, *compare In re Golek*, 308 B.R. 332 (Bankr. N.D. Ill. 2004) *and In re Powers*, 140 B.R. 476 (Bankr. N.D. Ill. 1992), Chief Judge McGarity of this Court recently held that a § 1329 modification is not subject to the disposable income test. *In re Young*, 2007 Bankr. LEXIS 2197 at *5, 6 (Bankr. E.D. Wis. July 2, 2007).

Although the disposable income test may not apply, the Court recognized in *Young* that the good faith test of § 1325(a)(3) does apply to plan modifications. Accordingly, the question is not whether the Debtor's tax refunds constitute disposable income but rather whether the proposed modification to remove those refunds that had initially been promised to creditors is made in good faith.[2] In the Debtor's initial Schedule I and J, her income was $2,118.66 and her expenses totaled $1,787 which resulted in disposable income of $331.66. Currently the Debtor's income in the amended Schedule I is $1,738.33 and Debtor's expenses in the amended Schedule J are $1,535.00 which amounts to monthly disposable income of $203.33. As noted, the Debtor's mother is assisting her by contributing $200 per month to the income. As in *Young*, a review of the Debtor's expenses reveals a bare-bones monthly budget with no money dedicated to recreation, clubs or entertainment. Unlike in *Young*, the Debtor has not sought to retroactively

---

[2] The Debtor's attorney explained that she was not "keeping" the refunds; but by crediting those refunds to the 10% dividend to shorten the plan rather than paying them to the Trustee in addition to the 10% dividend, it amounts to the same thing.

3

waive the requirement of paying in prior tax refunds that the Debtor has already received and spent. Instead, the Debtor has promptly sought the modification to reduce the plan payments in the future in light of her recent unemployment.

Although the Seventh Circuit has adopted a relaxed standard for modification and "has determined there is no threshold requirement under § 1329," *In re O'Brien*, 181 B.R. 71 (Bankr. D. Az. 1995), *citing In re Witkowski*, 16 F.3d 742-44, even those jurisdictions requiring substantial changed circumstances to justify a plan modification permit debtors to reduce payments to unsecured creditors based on an involuntary and unanticipated reduction in income. *See In re Robert,* 366 B.R. 27 (Bankr. W.D. Ark. 2007) (BAPCPA case); *Sunahara v. Burchard (In re Sunahara)*, 326 B.R. 768 (B.A.P. 9th Cir. 2005). Accordingly, in light of the Debtor's sudden and unanticipated loss of employment, the Court finds that her proposal to reduce the amount payable to unsecured creditors by one-half of her 2007 tax refunds is made in good faith.[3] That being said, if the Debtor's financial situation improves, and she finds employment which facilitates her ability to fund the plan payments *and* pay one-half of her tax refunds to the creditors, the Trustee would be entitled to propose his own modification of the plan requiring the Debtor to again dedicate the tax refunds in addition to the plan payments. *See In re Witkowski*, 16 F.3d 742-44.

## Conclusion

For the foregoing reasons, the Trustee's Objection to confirmation of the modified plan is overruled. For the tax years 2007 forward, one-half of the Debtor's tax refunds will be dedicated to reduce the amounts payable to unsecured creditors under the plan rather than in addition to the

---

[3] The Trustee's contention that the disposable income test in this district traditionally requires debtors to dedicate one-half of the refunds over 60 months rather than 100% of the refunds over 36 months may well be true. And if a debtor proposed a plan modification of the tax refund provision to retroactively waive that requirement (as in *Young*) or for no reason but for the debtor's desire to finish the plan earlier, that debtor's good faith would be brought into serious question. In this case, however, the modification is tied to an unanticipated event and the Debtor's budget and assistance from her mother all point to the Debtor's good faith.

4

amounts payable to unsecured creditors under the plan. The Debtor must continue to provide copies of her tax returns to the Trustee along with any information reasonably requested about her income and expenses. This decision is without prejudice to the Trustee proposing his own modification of the plan to reinstate the dedication of the tax refunds as an additional dividend to the creditors.

Date: August 8, 2007

                                                By the Court:

                                                _/s/ Susan Kelley_
                                                Susan V. Kelley
                                                U.S. Bankruptcy Judge